UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES ) | |
| ) | Case No. 3:22-cr-00327-5 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Holmes |
| CAROLINE DAVIS ) | |

**O R D E R**

The Court finds and concludes that, pursuant to 18 U.S.C. § 3142(c)(3), the conditions of release previously imposed by the United States District Court for the Northern District of Georgia (Docket No. 24-5) are appropriately modified to conform to the conditions of release this Court would impose as follows:[1]

1. The condition requiring reporting of every contact with law enforcement personnel, Condition 7(s), is modified to require that the mandatory reporting be made within 48 hours of the contact.

2. The condition restricting the defendant's travel, Condition 7(t), is modified to restrict the defendant's travel to Tennessee to the Middle District of Tennessee (except as may be

---

[1] To be clear, the Court considers the conditions of release imposed by the Northern District of Georgia to be fully binding upon the defendant and enforceable without further action by this Court. Nevertheless, because the Court finds it appropriate to modify the conditions to conform to conditions of release that the Court would ordinarily impose, the Court will, to whatever extent necessary, adopt or reiterate the Northern District of Georgia's release conditions. *See e.g. United States v. Emakoji*, 990 F.3d 885, 892 (5th Cir. 2021) (recognizing that court in district of prosecution can modify conditions of pretrial release set by court in district of arrest); *United States v. Dominguez*, 783 F.2d 702, 705 (7th Cir. 1986) ("the most informed decisions [about conditions of release] will almost always be made in the charging district"); *United States v. Durham*, No. 1:11-cr-042-JMS-KPF, 2011 WL 1330850, at *2 (S.D. Ind. Apr. 7, 2011) (magistrate judge in charging district has authority under § 3142(c)(3) to modify conditions of release set by court in arresting district); *United States v. Altamirano-Nunez*, Cr. No. 07-100S, 2007 WL 2783161, at *2 (D. R.I. Sept. 21, 2007) (magistrate judge in prosecuting district has "discretion to alter and even revoke the conditions imposed by the magistrate [judge] in the arresting jurisdiction").

necessary to travel through any other part of Tennessee to arrive in the Middle District of Tennessee) and to also require that the mandatory advance notice given to the Pretrial Services officer of the defendant's travel to Michigan or to the Middle District of Tennessee must be at least seven (7) days in advance and must include at least the following: the dates of travel; the means of travel, and if by air, confirmation of airplane reservations; and the address where the defendant will reside while in Michigan or in the Middle District of Tennessee and if commercial lodging, confirmation of the defendant's reservation.

3. The restriction on the defendant's presence at or near facilities that provide family planning services, Condition 7(u), is modified and now instructs as follows:

> The defendant must not enter or be within 20 feet of any building or the curtilage of any building in which a facility that provides family planning or reproductive health services is located without prior approval of Pretrial Services.

4. The following condition is added:

> The defendant must permit Pretrial Services to visit at home or elsewhere without advance notification within the discretion of Pretrial Services and must permit confiscation of any contraband observed in plain view of the Pretrial Services officer(s).

6. All other conditions of release previously imposed by the Northern District of Georgia on October 5, 2022 (Docket No. 24-5) and not modified herein remain unchanged and in full force and effect.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge